UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GMAC BANK,<br>　　　　Plaintiff,<br><br>　　v.<br><br>HOME MORTGAGE, INC., LAWRENCE<br>LUCKETT and JOHN DOES 1-10, inclusive,<br>　　　　Defendants. | 08 Cv 1792<br><br>Judge Grady<br>Magistrate Judge Cox |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
THE EARLY INITIATION OF DISCOVERY**

In support of its Motion for the Early Initiation of Discovery to ascertain the nature, extent, and location of assets, Plaintiff GMAC Bank ("GMAC") states as follows:

**I.　Factual Background**

From August 2007 until March 2008, Defendants Lawrence Luckett ("Luckett") and Home Mortgage, Inc. ("HMI") engaged in a massive scheme to defraud GMAC by manufacturing fictitious mortgage loan documents and fraudulently submitting those documents as "collateral" to secure advances on a warehouse line of credit. Ultimately, Defendants Luckett and HMI defrauded GMAC out of more than $15 million. GMAC has met personally with Defendants Luckett and HMI. Luckett has admitted to orchestrating and perpetrating the scheme substantially as described in the Complaint, and HMI has not denied the scheme. That scheme is as follows:

GMAC and HMI had a warehouse lending arrangement under which HMI, a mortgage lender, used a line of credit with GMAC to temporarily fund mortgages that HMI had originated. Luckett personally guaranteed HMI's debts to GMAC under this arrangement. The contract

3

between the parties contemplated that HMI would pledge legitimate mortgage loans as collateral to obtain credit advances from GMAC, which HMI would use to fund each loan. Then, usually within 120 days, HMI was to repackage and sell the loans with the proceeds remitted to GMAC to satisfy the advance HMI received. Instead of pledging legitimate collateral, however, HMI and Luckett pledged fictitious mortgage loan documents and used a series of sham repackage sales using funds advanced by GMAC using *other* fictitious mortgage notes to create the appearance that HMI was doing legitimate business.

**II.     The Law**

Ordinarily, Fed. R. Civ. P. 26(d)(1) dictates that no discovery may be had until the parties have conferred pursuant to Fed R. Civ. P. 26(f), but this Court has the discretion to permit expedited discovery if good cause exists under the circumstances. *See Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000).

There is good cause for expedited discovery here. HMI and Luckett have engaged in a fraudulent scheme pursuant to which they have falsified documents and have used multiple bank accounts for at least two sham business entities – Companion Title Company and International Paper Exchange, Inc. Pursuant to the fraudulent scheme, those entities transferred funds to Home Mortgage Inc., then to Luckett and International Paper Exchange, Inc., back to GMAC and, possibly, to other third-parties. Under these circumstances, there is an urgent need for the early initiation of discovery to immediately identify and trace the funds obtained and used by HMI and Luckett pursuant to the scheme.

Courts often grant expedited discovery to allow plaintiffs to trace a fraud defendant's assets, lest the trail become cold before litigation proceeds to regular discovery. This approach is

warranted in this matter.  *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting expedited discovery and reasoning that because the defendants had "both incentive and capacity to hide their assets, there is considerable urgency to plaintiff's need to seek information about the location of defendants' possible assets").  *See also In re Cyberco Holdings, Inc.*, No. 04-14905, 2005 WL 2704508, at *1 (W.D. Mich. Oct. 20, 2005), *related proceeding at El Camino Resources, Ltd. v. Huntington Nat. Bank*, No. 1:07-cv-598, 2007 WL 2710807, at *5 (W.D. Mich. Sept. 13, 2007) ("The court granted plaintiff's motion for expedited discovery . . . allowing [the plaintiff] to take immediate discovery of a number of banks, in an effort to trace proceeds of the alleged fraud."); *Karreman v. Evergreen Intern. Spot Trading, Inc.*, No. 01 CIV.9824 LAP, 2002 WL 31119429, at *4 (S.D.N.Y. Sept. 24, 2002) (noting that the court had granted expedited discovery and pre-judgment attachment of defendants' assets in a fraud action in which defendants had shut down their business and refused to return their clients' funds); *O'Connor v. Powell*, No. 99 C 6582, 2000 WL 1230459, at *2 & n.1 (N.D. Ill. Aug. 23, 2000) (stating that the court had granted expedited discovery and granted injunctive relief requiring the defendants to produce information about their assets in a case involving an allegedly fraudulent real estate investment scheme).

      GMAC has conferred with counsel for HMI, who does not oppose this Motion.  GMAC has similarly attempted to confer with counsel for Luckett, but Defendant Luckett's attorney is out of the country and, as of the filing of this Motion, has not responded.

### III.  Conclusion

      The expedited discovery Plaintiff seeks would include narrowly-tailored document requests and third-party subpoenas seeking production of bank records and financial records sufficient to trace the assets the Defendants wrongfully obtained from Plaintiff.  This would

include records held for Companion Title Company, International Paper Exchange, Home Mortgage, Inc. and Lawrence Luckett.

WHEREFORE, for the foregoing reasons, plaintiff GMAC Bank respectfully requests that this Court grant its Motion for the Early Initiation of Discovery and grant GMAC Bank any and all further relief deemed necessary and proper.

                                        Respectfully submitted,

                                        GMAC BANK

                                        By:  _/s/ Timothy J. McCaffrey___

                                        Timothy J. Rivelli
                                        Timothy J. McCaffrey
                                        Scott C. Walton
                                        WINSTON & STRAWN LLP
                                        35 W. Wacker Dr.
                                        Chicago, Illinois 60601
                                        Phone: (312) 558-5600
                                        Fax:  (312) 558-5700
                                        trivelli@winston.com
                                        tmccaffr@winston.com
                                        swalton@winston.com

## CERTIFICATE OF SERVICE

    Scott C. Walton, an attorney, certifies that he caused a copy of the foregoing document to be served by facsimile and regular mail, this 31st day of March, to:

    Alan H. Garfield
    Garfield & Merel, Ltd.
    223 West Jackson Boulevard, Suite 1010
    Chicago, Illinois  60606-6908
    Telephone: (312) 583-1600
    Fax: (312) 583-1700

    Michael Nash
    20 S. Clark St., Ste 2000
    Chicago, Illinois 60603
    Telephone: (312) 236-8788
    Fax: (312) 922-2055

                                                  __/s/ Scott Walton___