**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| **GMAC BANK,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **08 CV 1792** |
| | ) | |
| **HOME MORTGAGE, INC., LAWRENCE** | ) | **Judge Grady** |
| **LUCKETT and JOHN DOES 1-10, inclusive,** | ) | **Magistrate Judge Cox** |
| **Defendants.** | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS AGREED MOTION
FOR PRE-JUDGMENT ATTACHMENT OF ASSETS**

Plaintiff GMAC Bank ("GMAC"), by and through its attorneys, petitions this Court for an Order of Pre-Judgment Attachment of assets of Defendant Lawrence Luckett ("Luckett") pursuant to Rule 64 of the Federal Rules of Civil Procedure and 735 ILCS 5/4-101.

**BACKGROUND**

In this action, GMAC brings claims of fraud, breach of contract, and tortious interference with contractual relations based on debts fraudulently contracted on the part of Home Mortgage, Inc. ("HMI") and of Luckett as Chief Executive Officer and personal guarantor of Defendant ("HMI"). As detailed in the attached Affidavit of Kelly Jasper (the "Affidavit") in Support of Plaintiff's Motion (Attached hereto as Exhibit B), Luckett and Defendant HMI defrauded GMAC by inducing it to release funds from a revolving line of credit based on false requests for advances and false promises that the advances would be secured by mortgage loans that Luckett and HMI held forth as legitimate collateral but that were, in fact, fictitious. In August 2007, GMAC and HMI entered into a Warehousing Credit and Security Agreement (the "Agreement"). Additionally, Luckett personally guaranteed payment of debts owed by HMI to GMAC.

Pursuant to the Agreement, GMAC advanced funds to HMI in reliance on "batch requests" submitted to GMAC by HMI.  The batch requests falsely represented that the advances would be collateralized by legitimate mortgage loans.  In fact, HMI and Luckett had been conducting a scheme that included, but is not limited to:  (1) submitting false batch requests that sought advances on a revolving line of credit based on fictitious collateral and that directed GMAC to advance the funds to a bank account that was controlled by Luckett; (2) generating fictitious mortgage notes arising from non-existent real estate transactions; (3) presenting those mortgage notes to GMAC as collateral on the advances; (4) packaging and selling the fictitious mortgages to a company also controlled by Luckett; and (5) remitting funds to GMAC using the proceeds of advances from the GMAC line of credit that Luckett obtained on the basis of further fictitious mortgage notes, essentially paying down the GMAC line of credit with GMAC's own money that Luckett and HMI had fraudulently obtained pursuant to this scheme.

As a result of this scheme, HMI incrementally generated in excess of $15 million of debt to GMAC.  The fraud, only recently discovered by GMAC, triggered default and an immediate obligation to pay the full balance under the Agreement, but HMI and Luckett both refuse or are unable to pay.  GMAC seeks damages in excess of $15 million and any other appropriate relief.

## ARGUMENT

According to Federal Rule of Civil Procedure 64(a), "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  These remedies include attachment.  Fed. R. Civ. P. 64(b).  "Attachment is a pretrial remedy wherein a defendant's property is seized and held until the rights of the parties are determined in the principal action."  *Starr v. Gay*, 354 Ill. App. 3d 610, 615 (Ill. Ct. App. 1st Dist. 2004).  "The purpose of attachment is to permit a creditor to

secure and hold a debtor's property to satisfy a debt which the creditor hopes to prove." *Id.*

Illinois statutes provide for prejudgment orders of attachment under circumstances present here:

> In any court having competent jurisdiction, a creditor having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort . . . may have an attachment against the property of his or her debtor, or that of any one or more of several debtors, either at the time of commencement of the action or thereafter, when the claim exceeds $20 . . . [w]here the debt sued for was fraudulently contracted on the part of the debtor.  The statements of the debtor, his or her agent or attorney, which constitute the fraud, shall have been reduced to writing, and his or her signature attached thereto, by himself or herself, agent or attorney.

735 ILCS 5/4-101, 735 ILCS 5/4-101(9).

A party seeking attachment must file an affidavit with the court stating the amount of the claim, the defendant's place of residence and the facts establishing both the grounds for attachment and the underlying cause of action.  735 ILCS 5/4-104.  The Affidavit attached hereto as Exhibit A satisfies this provision.  The party seeking attachment is also required to post bond. 735 ILCS 5/4-107 & 4-108.

GMAC is entitled to an Order of Pre-Judgment Attachment under the foregoing provisions based on the Affidavit and the allegations in the Complaint.[1]  HMI's and Luckett's debt to GMAC was fraudulently contracted.  Specifically, HMI and Luckett perpetrated the scheme by advancing fictitious, fraudulently-manufactured "collateral" to secure the transfer of money to HMI and Luckett by GMAC from at least January 2005 to March 11, 2008.  Those funds were advanced based on the electronic submission of requests for funds, with the understanding that mortgage notes evidencing the collateral were to follow.  Indeed, fictitious notes that purported to secure the advances did follow.  HMI and Luckett submitted those fictitious notes to GMAC specifically with the intent to induce GMAC to advance funds to HMI

---

[1]   GMAC has had discussions with counsel for Defendant Luckett and those discussions have resulted in an agreement regarding GMAC's motion for an attachment order, such as the attached Proposed Order.

and Luckett that GMAC would not have advanced had it known the notes were fictitious. HMI and Luckett held the notes out as genuine with the express goal that GMAC would be induced to release the funds to them.

The statements constituting the fraud were reduced to writing in a series of batch requests electronically signed by agents of HMI and Luckett, and the fictitious notes submitted as collateral for the advances were stamped and signed by Luckett himself. *See* 735 ILCS 5/4-101(9). Because these writings are voluminous (there are 54 currently outstanding fictitious notes), a few examples are attached as exhibits to the Affidavit in support of this Agreed Motion. However, aside from their reference to specific dollar amounts and itemized fictitious mortgages, their contents and format are identical in all relevant respects.

Each of these written statements identifies mortgage loans as collateral even though such mortgage loans are fictitious. *See* Affidavit ¶¶ 26-41. HMI and Luckett themselves fabricated the mortgage loans and knew them to be utterly worthless as collateral. HMI and Luckett intended each of these written statements to induce GMAC to release funds to HMI. In reliance on these written statements, GMAC did in fact release funds to HMI in the amounts requested, and GMAC has subsequently suffered loss in excess of $15 million as a result of HMI's and Luckett's refusal to repay its fraudulently contracted debt.

Accordingly, GMAC asks that this Court attach the following specific assets, and is prepared to remit to the court a bond equivalent to their value:

- Property at 59 Woodview Lane, Lemont, Illinois, PIN: 22-24-204-004-000; and
- Property at 1253 W. Station St., Kankakee, Illinois, PIN: 16-09-31-409-014.
  For the reasons stated herein, in the attached affidavit and in the Complaint, GMAC

respectfully requests an Order of Attachment.

Dated: April 14, 2008

Respectfully submitted,

GMAC BANK


By:   _/s/ Timothy J. Rivelli____

Timothy J. Rivelli
Timothy J. McCaffrey
Scott C. Walton
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, Illinois 60601
Phone: (312) 558-5600
Fax:  (312) 558-5700
trivelli@winston.com
tmccaffr@winston.com
swalton@winston.com

## CERTIFICATE OF SERVICE

Scott C. Walton, an attorney, certifies that he caused a copy of the foregoing document to be served by facsimile and regular mail, this 14th day of April, to:

Alan H. Garfield
Garfield & Merel, Ltd.
223 West Jackson Boulevard, Suite 1010
Chicago, Illinois  60606-6908
Telephone: (312) 583-1600
Fax: (312) 583-1700

Michael Nash
20 S. Clark St., Ste 2000
Chicago, Illinois 60603
Telephone: (312) 236-8788
Fax: (312) 922-2055

_/s/ Scott Walton_